People v Bray (2019 NY Slip Op 01955)





People v Bray


2019 NY Slip Op 01955


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


356 KA 18-00859

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARIUS L. BRAY, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered January 31, 2018. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. Supreme Court "did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea" (People v Tilford, 162 AD3d 1569, 1569 [4th Dept 2018], lv denied 32 NY3d 942 [2018] [internal quotation marks omitted]), and defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (see id.).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court